UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE EVENFLO CO., INC. MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL No. 1:20-md-02938-DJC <br><br> Hon. Denise J. Casper |
| This Document Relates To: <br><br> All Actions | |

[Proposed] MDL Order No. 2:
Appointment of Co-Lead Counsel, Liaison Counsel,
and the Executive Committee, and Guidelines for the
Efficient Management of Multidistrict Litigation

CASPER, J.

A. **Appointment and Roles of Co-Lead Counsel, Liaison Counsel, and the Executive Committee**

Upon application submitted by Counsel for the Xavier Slate in accordance with this Court's June 9, 2020 Order (ECF No. 4), and after due consideration of (i) the work counsel has done in identifying or investigating potential claims in this action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in this action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class, pursuant to Fed. R. Civ. P. 23(g), the Court appoints the following attorneys to serve as Co-Lead Counsel, Liaison Counsel, and members of the Executive Committee ("EC") with the responsibilities for overseeing and managing this multi-district litigation for the Plaintiffs and the Putative Classes:

1. **Co-Lead Counsel**

The Court hereby appoints (1) Steve W. Berman of Hagens Berman Sobol Shapiro LLP; (2) Martha A. Geer of Whitfield Bryson LLP; and (3) Mark P. Chalos of Lieff Cabraser Heimann

& Bernstein, LLP, as Co-Lead Counsel, with duties and responsibilities to efficiently manage and direct all aspects of the litigation on behalf of Plaintiffs and the putative classes, including without limitation:

- To determine, in consultation with Liaison Counsel and members of the EC, the overall litigation strategy and position of the Plaintiffs on all matters arising during pretrial proceedings, including drafting of briefs, initiation of and response to discovery on behalf of Plaintiffs, and consultation with experts;

- To delegate specific tasks to other counsel in a manner that ensures that pretrial preparation for Plaintiffs is conducted efficiently, effectively, and economically;

- To act as the spokesmen for Plaintiffs at pretrial proceedings, and prepare and argue all motions presented to the Court on behalf of Plaintiffs, as well as to oppose any motions submitted by Defendants or other parties, or delegate such responsibilities to other counsel;

- To conduct, in consultation with Liaison Counsel and members of the EC, settlement negotiations on behalf of Plaintiffs; and

- To consult with Liaison Counsel and members of the EC, and to coordinate responsibilities of Liaison Counsel, members of the EC, and other counsel.

2. **Liaison Counsel**

The Court hereby appoints Edward F. Haber of Shapiro Haber & Urmy, LLP (Boston, Massachusetts), as Liaison Counsel with the following duties and responsibilities:

Liaison Counsel will have responsibilities coincident with those of the members of the Executive Committee (described below), along with fulfilling the local, on-the-ground responsibilities for communications between the Court and other counsel, coordinating the filing

of papers on behalf of Plaintiffs, and attending conferences and hearings without incurring the time and expense of travel to Boston from elsewhere.

### 3. Executive Committee

The Court hereby appoints (1) Alison E. Chase of Keller Rohrback LLP, (2) Rosemary M. Rivas of Levi & Korsinsky, LLP, and (3) Mark R. Rosen of Barrack, Rodos & Bacine as the members of the EC with the following duties and responsibilities:

Each attorney serving on the EC will focus his or her efforts on one or more of the following areas, in consultation with and under the direction of Co-Lead Counsel: (i) law and motion briefing, including dispositive motions and class certification; (ii) defendant and third-party discovery; (iii) plaintiff discovery; (iv) expert consultation and discovery; (v) trial; and (vi) settlement and administration.

### B. General Guidelines for Fee and Expense Allocation

- Only attorney and paraprofessional time, costs, and expenses incurred for the common benefit of the class will be considered in the allocation of fees and reimbursement of expenses.

- As to work for the common benefit of the class, only time and costs incurred pursuant to a co-lead counsel-authorized assignment will be considered and ultimately reimbursed.

- Common benefit costs and billable hours must be proper, reasonable, and necessary.

- Payments will not exceed fair value of the services performed.

- Any item of time or cost which is not described in sufficient detail to determine the nature and purpose of the service or cost involved will not be compensated.

- Any time or cost submission which is excessive on its face, when considered as a whole in light of the role that the attorney or other timekeeper had in the litigation, may not be compensated.

- If it is determined that any time submitted or activity for which counsel is requesting to be compensated is clearly outside the scope of authority or is not warranted, and/or could not be considered to contribute to the common benefit of the class, such time will not be allowed.

010884-11/1325552 V1

- Only time spent on efforts undertaken to advance the common interests of the class will be recognized.

- Time submissions must be based on contemporaneously kept records.

- Repetitive or unnecessarily duplicative work by multiple lawyers in one firm will not be compensated.

- Clerical time or clerical tasks will not be compensated.

- Daily records of time with specificity, including hours, location, and activity, are required.

### C. Case Management Protocols for Common Benefit Work

The Court hereby adopts the following guidelines for the management of case-staffing, timekeeping, cost reimbursement, and related common benefit issues. Co-Lead Counsel shall have the responsibility to implement the following guidelines for the efficient management of this multi-district litigation.

Co-Lead Counsel understand the need for efficiency and will monitor attorney billing and expenses in order to minimize duplicative or unnecessary work. In the interest of balancing efficiency with the need to maintain quality and thoroughness in prosecuting this case, Co-Lead counsel will observe the following, in addition to the guidelines set forth above:

#### 1. Staffing Practices

Co-Lead Counsel will delegate work and authorize expenditures to other firms as needed, and will limit such delegation to tasks that are reasonable and necessary to the prosecution of this case. Only time and costs incurred pursuant to assignments authorized by Co-Lead Counsel will be considered and ultimately reimbursed.

##### a. Depositions

Unless otherwise authorized by Co-Lead Counsel, counsel for Plaintiffs shall send no more than two (2) attorneys and one (1) paraprofessional to any deposition. When possible, counsel shall limit attendance to no more than one (1) attorney and one (1) paraprofessional. For example, with

regard to the depositions of class representative plaintiffs, counsel shall limit attendance to one attorney selected by Co-Lead Counsel and, if necessary, one attorney from the firm representing that particular plaintiff.

### b. Court Hearings

Absent unusual circumstances, counsel for Plaintiffs shall limit attendance at non-dispositive hearings to two (2) attorneys. Counsel attending a hearing without making an appearance, or counsel who are not involved in briefing or arguing at the hearing, shall be advised that their time will not be reimbursed at the time of any fee petition.

With respect to hearings related to (1) class certification; (2) motions to dismiss; (3) motions for summary judgment; and (4) other significant pretrial motions, Co-Lead Counsel will handle the arguments and delegate work on these important motions to other Plaintiffs' firms, preferably to Liaison Counsel or those on the Executive Committee, based on their knowledge of particular areas of the case. In this manner, Co-Lead Counsel will have certain firms specialize in certain areas of the case to reduce the learning curve and increase efficiency when it comes to handling such motions. Any such delegation of work will be done in a manner that avoids duplication of effort.

Consistent with the Court's Standing Order Regarding the Involvement of Inexperienced Attorneys, Co-Lead Counsel will attempt to involve such attorneys at hearings to the extent practical.

### c. Conference Calls and Meetings

Co-Lead Counsel will seek to limit the number of conference calls and group meetings that include multiple counsel, and will limit participation to indispensable attendees. Such conference calls and meetings will be limited to situations of strategic importance for the overall case, or

where information (e.g., settlements) needs to be disclosed and discussed. To the extent possible, teleconferencing and video conferencing or other means will be used to limit travel expenses.

### 2. Travel Expenses

Counsel for plaintiffs shall only seek reimbursement for economy or coach-class airfare for travel. Counsel are welcome to travel by any means they choose, but may only seek reimbursement for coach-class airfare or similarly priced travel arrangements. Counsel will likewise make reasonable arrangements for lodging and shall seek reimbursement only for reasonable accommodations, not to exceed $350 per night plus tax. The per diem meal expenses will not exceed $100.

### 3. Administrative Expenses

Counsel may bill for all expenses reasonably incurred in prosecuting this case. Co-Lead Counsel shall maintain records of all expenses incurred, as well as any funds maintained by Plaintiffs' counsel for the purpose of paying such expenses. Claims for Lexis, Westlaw, Bloomberg, or other computerized legal research expenses should be in the actual amount charged to the firm and appropriately allocated for these research services. All expenses shall be charged at actual cost, without any mark-up. In-house copies shall be charged at no more than $0.15 per page.

Co-Lead Counsel's explicit authorization shall be required for any expenditure exceeding $5,000. Expenditures under $5,000 will be left to the discretion of counsel working on authorized assignments, and will be reviewed by Co-Lead Counsel in monthly reports. Counsel for Plaintiffs shall not seek reimbursement for expenses or costs incurred as part of normal overhead costs for running a law firm.

D. **Time Records**

1. **Recording Requirements**

All billing plaintiffs' counsel shall record and maintain daily, contemporaneous time records for all work performed, including work by attorneys, paraprofessionals, and assistants. Counsel shall bill in no larger than one-tenth of an hour increments, and shall maintain records in such a way that each billed activity is recorded separately. Counsel shall not combine billable activities into block-billing records. Counsel will not be reimbursed for any item of time or cost not described in sufficient detail to determine the nature and purpose of the service or cost.

2. **Format**

For Co-Lead Counsel to maintain all submissions of common benefit time in a fully sortable and searchable format, all of the time and expense submissions must be provided by submitting counsel in the following format. Once per month, a staff member in each office will provide two files: (1) an Excel (.csv) file containing the time detail for all employees who performed case-related work for the prior month; and (2) a PDF file, with an index, containing all case-related expenses for the prior month.

The Excel (.csv) file containing time submissions must include the following columns of information: (1) Case Name; (2) Date; (3) Attorney (initials); (4) Entry (time detail); (5) Task Code; (6) Hours; (7) Current Hourly Rate; and (8) Total dollars calculated based on the rate assigned to that attorney. A list of the Task Codes is attached hereto as Exhibit A.

3. **Hourly Rates**

Counsel shall record their then-present hourly rates for all attorneys and staff. Although counsel may seek an award of fees based on their hourly rate at the time a settlement or judgment is reached to account for the delay in payment, their billing records shall be prepared and recorded

- 7 -

010884-11/1325552 V1

at the then-present rates. Counsel shall not bill a rate other than their standard rates at the time the work is performed.

4. **Document Review**

Document review can be the most challenging area of a case in which to keep control over time and expenses. Co-Lead Counsel will put out for bid any vendor services and strive to get the best services for the best price without sacrificing quality. Once a document database is established, searches will be used to create the universe of documents to be reviewed by other counsel. A remote document review system will be used to avoid unnecessary travel expenses, and procedures will be put in place to monitor how much time is spent reviewing documents and to monitor the efficiency and quality of review by other firms. Depending on the volume of documents produced, it is possible that up to 50 document reviewers will be needed. Co-Lead Counsel will use paraprofessionals as necessary, attorneys for higher-level review, and senior attorneys only for top-tier review and quality control. Co-Lead Counsel will impose an hourly rate limitation on paraprofessionals and non-senior attorneys who review documents. That rate limitation cannot be set until the volume of documents and number of reviewers is determined. Where it proves economically advantageous, Co-Lead Counsel may employ contract attorneys to perform efficient and focused document review. Such contract attorneys will be billed at an hourly rate consistent with the market rate for junior associates.

5. **Co-Lead Counsel Review of Time Records and Expenses**

All plaintiffs' counsel shall submit a copy of all billing and expenses to Co-Lead Counsel for review no later than 15 days following the last day of each month. Co-Lead Counsel will collect all billing records and expenses monthly and conduct a monthly review of time records and expenses to ensure that costs and expenses are reasonable. Co-Lead Counsel shall take particular care to ensure that duplicative work is not being performed. It is the responsibility of Co-Lead

Counsel to review the time submissions and notify other participating counsel if their submissions do not substantially comply with the requirements set forth herein, or that the time submitted does not qualify as common benefit time. Co-Lead Counsel shall have the power to discount or eliminate non-compliant or unnecessarily duplicative bills, and shall not submit those time records to the Court nor seek reimbursement for unnecessary expenses. Co-Lead Counsel will maintain records in such a manner as to be prepared to submit for review a summary of their time and expenses to the Court for its interim review if the Court so desires.

Co-lead Counsel understand that the Court may review time records in the event of a settlement in order to perform a lodestar cross-check or otherwise ensure that plaintiffs' counsel have not billed unnecessarily. Co-Lead Counsel will make necessary efforts to pre-screen billing records to eliminate unnecessary and duplicative work before submitting records to the Court.

**So Ordered.**

Dated: August 27, 2020

*/s/ Denise J. Casper*
Denise J. Casper
United States District Judge

## Exhibit A

Litigation and Expense Code Set

L100 Case Assessment, Development and Administration
- L110 Fact Investigation/Development
- L120 Analysis/Strategy
- L130 Experts/Consultants
- L140 Document/File Management
- L150 Budgeting
- L160 Settlement/Non-Binding ADR
- L190 Other Case Assessment, Development and Administration

200 Pre-Trial Pleadings and Motions
- L210 Pleadings
- L220 Preliminary Injunctions/Provisional Remedies
- L230 Court Mandated Conferences
- L240 Dispositive Motions
- L250 Other Written Motions and Submissions
- L260 Class Action Certification and Notice

L300 Discovery
- L310 Written Discovery
- L320 Document Production
- L330 Depositions
- L340 Expert Discovery
- L350 Discovery Motions
- L390 Other Discovery

L400 Trial Preparation and Trial
- L410 Fact Witnesses
- L420 Expert Witnesses
- L430 Written Motions and Submissions
- L440 Other Trial Preparation and Support
- L450 Trial and Hearing Attendance
- L460 Post-Trial Motions and Submissions
- L470 Enforcement

L500 Appeal
- L510 Appellate Motions and Submissions
- L520 Appellate Briefs
- L530 Oral Argument

L600 Settlement
- L610 Mediation and Settlement Negotiations
- L620 Mediation Submissions
- L630 Settlement Documentation
- L640 Notice and Claims Administration

A100 Activities
- A101 Plan and prepare for
- A102 Research
- A103 Draft/revise
- A104 Review/analyze
- A105 Communicate (in firm)
- A106 Communicate (with client)
- A107 Communicate (with opposing counsel)
- A108 Communicate (other external)
- A109 Appear for/attend
- A110 Manage data/files
- A111 Other

E100 Expenses
- E101 Copying
- E102 Outside printing
- E103 Word processing
- E104 Facsimile
- E105 Telephone
- E106 Research
- E107 Delivery services/messengers
- E108 Postage
- E109 Local travel
- E110 Out-of-town travel
- E111 Meals
- E112 Court fees
- E113 Subpoena fees
- E114 Witness fees
- E115 Deposition transcripts
- E116 Trial transcripts
- E117 Trial exhibits
- E118 Litigation support vendors
- E119 Experts
- E120 Private investigators
- E121 Arbitrators/mediators
- E122 Local counsel
- E123 Expert Witnesses
- E124 Other professionals